# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| v. | § | Case No. 2:25-cv-00590-JRG-RSP |
| | § | |
| LETOURNEAU UNIVERSITY et al. | § | |

### NOTICE OF SCHEDULING CONFERENCE,
### PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
### AND DISCOVERY ORDER

The Court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Deadlines for Docket Control Order, and Discovery Order.

### Notice of Scheduling Conference

Pursuant to Fed. R. Civ. P. 16, the Scheduling Conference in this case is set for **November 19, 2025, at 10:20 a.m. in Marshall, Texas before Judge Payne.** Counsel representing the parties are required to attend the conference in person. The parties are directed to meet and confer in accordance with Fed. R. Civ. P. 26(f) no later than 21 days before the conference. The parties are excused from the requirement of filing a written proposed discovery plan in this case.

### Proposed Deadlines for Docket Control Order

The proposed deadlines for Docket Control Order set forth in the attached Appendix A shall be discussed at the Scheduling Conference. The Court will not modify the proposed trial date except for good cause shown.

## Discovery Order

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within 30 days after the Scheduling Conference, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action;

    (g) any witness statements described in Tex. R. Civ. P. 192.3(h);

(h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j) for any testifying expert, by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        1. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

        2. the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

    e.  any party shall be excused from furnishing an expert report of treating physicians.

2. **Protective Orders.** Upon the request of any party before or after the Scheduling Conference, the Court shall issue the Protective Order in the form attached as Appendix B. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

3. **Additional Disclosures.** In addition to the disclosures required in Paragraph 1 of this Order, at the Scheduling Conference, the Court shall amend this discovery order and require each party, within 45 days after the Scheduling Conference and without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

  (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

  (b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c) those documents and authorizations described in Local Rule CV-34.

The Court shall order the disclosures set forth in paragraph 3(a), (b), and (c) in the absence of a showing of good cause by any party objecting to such disclosures.

4. **Discovery Limitations**. At the Scheduling Conference, the Court shall also amend this discovery order to limit discovery in this cause to the disclosures described in paragraphs 1 and 3 together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, the **depositions of 2 expert witnesses per side** and **10 hours per side for third party fact witness depositions.** "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged by the deadline set in the Docket Control Order. Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged

documents or information, then the parties shall inform the Court of that fact by filing a notice within 14 days of the deadline set in the Docket Control Order for exchanging privilege logs.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a) The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that

will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (see Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). Any change to a party's lead attorney designation must be accomplished by motion and order.

(e) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the

sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

12. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at [District Judge Rodney Gilstrap | Eastern District of Texas | United States District Court](). The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

SIGNED this 17th day of October, 2025.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**APPENDIX A**

**PROPOSED DEADLINES FOR DOCKET CONTROL ORDER**

In accordance with the scheduling conference held in this case, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **January 11, 2027** | Jury Selection – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| **December 22, 2026** | Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |
| **December 17, 2026** | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |
| **December 10, 2026** | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires[1] |
| **December 10, 2026** | File Motions *in Limine*<br><br>The parties are ordered to meet and confer on their respective motions *in limine* and advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| **December 10, 2026** | Serve Pretrial Objections |

---

[1]The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| | |
|---|---|
| **December 8, 2026** | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| **November 26, 2026** | Response to Dispositive Motions (including *Daubert* Motions).[2] Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56. |
| **November 26, 2026** | Serve Pretrial Disclosures |
| **November 12, 2026** | Deadline for Filing Dispositive Motions and any other motions that may require a hearing; including *Daubert* motions. |
| **November 12, 2026** | Defendant to Identify and Give Notice of Trial Witnesses |
| **November 5, 2026** | Plaintiff to Identify and Give Notice of Trial Witnesses |
| **October 29, 2026** | File Response to Amended Pleadings |
| **October 29, 2026** | Mediation to be completed |
| **October 15, 2026** | File Amended Pleadings<br>(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.) |
| **October 8, 2026** | Discovery Deadline |
| **October 1, 2026** | Deadline to File Motions to Compel Regarding Discovery Disputes. |

---

[2]The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| **October 1, 2026** | Defendant to designate Expert Witnesses[3]<br>Expert witness report due<br>Refer to Local Rules for required information |
|---|---|
| **September 17, 2026** | Plaintiff to Designate Expert Witnesses[4]<br>Expert witness report due<br>Refer to Local Rules for required information |
| **September 17, 2026** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **August 13, 2026** | Join Additional Parties |

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

---

[3] Plaintiffs who are also Counterclaim Defendants, as well as third-party Counterclaim Defendants, shall designate Expert Witnesses specific to such counterclaims at this deadline.

[4] Defendants who are also Counterclaim Plaintiffs shall designate Expert Witnesses specific to such counterclaims at this deadline.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

6. **Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.

**APPENDIX B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
|  | § | |
|  | § | |
| v. | § | Case No. 2:00-CV-0000-RWS-RSP |
|  | § | |
|  | § | |
|  | § | |

**STANDARD PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected

Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   (a)  Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

   (b)  Employees of such counsel (**excluding or including**) experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

   (c)  the Court.

   Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index

may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED AND SIGNED this _____ day of _____, 2025.