IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JANE DOE, | § |
| *Plaintiff*, | § |
| v. | §  Case No. 2:25-cv-00590-JRG-RSP |
| LETOURNEAU UNIVERSITY, | § |
| BENJAMIN MURPHY, | § |
| *Defendants*. | § |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant LeTourneau University's ("LETU") Motion to Dismiss for Failure to State a Claim. (**Dkt. No. 13**). In the Motion, Defendant requests dismissal of Plaintiff's breach of contract, promissory estoppel, and fraud claims, because they fail to meet *Twombly/Iqbal's* pleading standards under Rule 8. For the reasons discussed below, the Court finds that Defendant's Motion as to Plaintiff's breach of contract and fraud claims should be **GRANTED**. The Motion should be otherwise **DENIED,** and Defendant's original Motion to Dismiss (**Dkt. No. 10**) should be **DENIED AS MOOT**.

**I.   BACKGROUND**

The instant suit stems from a prior Title IX investigation on Defendant's campus. Dkt. No. 13 at 5. In her complaint, Plaintiff alleges that Defendant's investigation was "procedurally defective" under university policy and identifies several defects with Defendant's investigation. *Id.*

**II.   LEGAL STANDARD**

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if

it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

### A. Promissory Estoppel Under Texas Law

Under Texas law, Promissory estoppel requires a showing of: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *Eng. v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

### III. ANALYSIS

#### A. Breach of Contract

In her reply, Plaintiff "concedes her breach contract claim can be dismissed." Dkt. No. 16 at 1. Therefore, the Court finds that Defendant's Motion should be granted as to breach of contract.

#### B. Promissory Estoppel

In the complaint, Plaintiff alleges that Defendant's Title IX policies create a promise, and such reliance was foreseeable by Defendant. Dkt. No. 1 at ¶¶ 121-127. Plaintiff alleges that, as evidenced by the underlying campus Title IX investigation, she suffered harm because of her reliance on these statements. *Id.* Plaintiff adds that her continued enrollment at LETU constitutes reliance on such policies, as she "continued to assume that she would be safe, protected, and respected by the University and its Policies." *Id.*

In its Motion, Defendant argues that the University policies do not rise to definite promises sufficient to support a promissory estoppel claim. Dkt. No. 13 at 20-21. Defendant argues that the policies do not bind Defendant to any specific outcome. *Id.* Defendant adds that "at most, the policy promises that it will respond using the formal resolution process laid out in its Policy." *Id.* Defendant argues that Plaintiff has failed to plead sufficient detail to establish reliance, because she fails to allege facts that indicate she would have *not* continued her enrollment in the absence of such policies. *Id.* at 23. Instead, Defendant argues that Plaintiff's assertions, that she would transfer schools, or otherwise leave LETU, lacks merit, because they lack "discussion of [another university's] relative commitment to preventing sexual misconduct on campus or how the promptness of its Title IX process compares to LeTourneau's," and "provides no factual detail to show that she would have applied to any specific institution and that she likely would have been

3

accepted as a transfer student." *Id.* at 23. Defendant concludes that Plaintiff's assertions, made in "hindsight following a disappointing Title IX hearing result," are deficient.

In her Reply, Plaintiff argues that she detrimentally relied on Defendant's statement that it would "would respond to and adjudicate instances of sexual assault" on campus. Dkt. No. 16 at 10. Plaintiff notes that Defendant's policy utilizes "unambiguous, imperative language," such as "will not be tolerated", "prohibited", and "in any form." *Id.* Plaintiff concludes that in light of this language, LETU made "promises as to how it would respond to and adjudicate instances of sexual assault." *Id.*

The Court finds that Plaintiff has sufficiently pleaded a promissory estoppel claim. The facts underlying the Title IX investigation at issue clearly indicate that Plaintiff plausibly suffered a detriment due to her reliance on Defendant's Title IX policy, and other related statements. Furthermore, the Court is not persuaded by Defendant's arguments that Plaintiff would not have enrolled elsewhere. It is plausible to argue that a student would not voluntarily remain at a university that does not follow its own Title IX policy, or that fails to properly investigate serious campus misconduct. Furthermore, the unambiguous language in LETU's campus misconduct policy clearly indicates its intent to faithfully comply with Title IX. It follows that reliance on such a promise is reasonable. Therefore, Plaintiff has plausibly pleaded that LETU's campus misconduct policy would foreseeably induce reliance by the promisee. [1]

Finally, Defendant's own motion concedes that a promise exists. This suit stems from allegations that Defendant failed to follow its own published "formal resolution process." Therefore, all three requirements to establish a promissory estoppel claim exist, and Defendant's Motion must be **DENIED** as to promissory estoppel.

---

[1] Defendant's Motion to Dismiss does not directly dispute whether reliance by the promisee is foreseeable by the promisor. This Report and Recommendations addresses all three elements of promissory estoppel.

### C. Fraud

Plaintiff's complaint alleges that Defendant's failure to uphold their handbook's Title IX policy constitutes fraud under Texas law, because (among other factors) Defendant's representations to uphold these polices are *knowingly* false, *at the time* the representation was made. Dkt. No. 1 at ¶¶ 129-144. Plaintiff alleges that because the instant investigation was the first Title IX hearing Defendant held, Defendant "knew that it had no intention of finding Murphy responsible regardless of the evidence." *Id.* at ¶ 143. Plaintiff adds that "the hearing 'jury' was made up of faculty members, at least one of whom later told Plaintiff that he was pressured into voting 'not responsible,'" so that Defendant "was thereby able to avoid any negative publicity and the accompanying stain on its reputation as a morally upright, Christian institution." *Id.* at ¶¶ 94-95.

In its Motion, Defendant argues that Plaintiff's fraud claims fail, because Plaintiff failed to allege all the elements of fraud. Dkt. No. 13 at 25. More specifically, Defendant argues that Plaintiff failed to plausibly allege that Defendant's Title IX policies were "made with knowledge of its falsity of asserted without knowledge of the truth." *Id.*

In its reply, Plaintiff argues that "without the benefit of discovery, Plaintiff is not able to explore, in greater detail, LETU's subjective intents, motivations, biases, and sincerity regarding these representations," nor "examine the pressured faculty juror to get every detail of what occurred." Dkt. No. 16 at 14.

Taking Plaintiff's pleaded assertions in a light most favorable to them, Plaintiff has failed to meet Texas law fraud's second prong – that the Defendant *knowingly* made false representations, *at the time* the representation was made. While Plaintiff factually alleges that a faculty member was "pressured" by the university to vote "not responsible," Plaintiff fails to plausibly connect this

5

pressure to Defendant's Title IX policy. Furthermore, Plaintiff pleads no facts that connect this knowledge to the time Defendant's Title IX policy was enacted. While discovery allows Plaintiff to further develop the case, she may not enjoy its benefit without proper pleadings. Because Plaintiff has failed to plausibly plead an element of fraud, the Court must dismiss Plaintiff's fraud claim.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion as to Plaintiff's breach of contract and fraud claims should be **GRANTED**. The Motion should be otherwise **DENIED**; Defendant's original Motion to Dismiss should be **DENIED AS MOOT**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 14th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE